IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BETH A. RHODES, M.D.,

        Plaintiff,

No. CIV. 2:12-0013 WBS DAD

v.

SUTTER HEALTH, a California corporation, SUTTER GOULD MEDICAL FOUNDATION, a California corporation, THE GOULD MEDICAL GROUP, INC., a California corporation,

ORDER

        Defendants.

_____/

        On July 11, 2012, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration. That proposed stipulated protective order includes the following provision:

> B.    Unless the Confidential Information is needed to be filed in support of a request for extraordinary relief or in opposition to a motion filed by the opposing party, a party who intends to file with the court, documents or information that another party has designated as Confidential Information shall provide the party designating the material as Confidential Information (the "Designating Party") at least five court days' advance notice before filing the Confidential Information with the court. The party filing the Confidential Information will file it "Conditionally Under Seal"

in accordance with the procedure outlined in Federal Rule of Civil Procedure Rules 5.2 and 26, and Eastern District Local Rule 141.

(Proposed Stipulated Protective Order filed July 11, 2012 (Doc. No. 28) at 6.)

All documents filed with the court are presumptively public.[1] See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

/////

---

[1] A party may have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1         A party's desire for a protective order does not constitute good cause to bar the
2 public from access to litigation documents.  Rather, the party seeking protection bears the burden
3 of showing specific prejudice or harm, including, with respect to individual documents,
4 particular and specific need for protection.  <u>Phillips</u>, 307 F.3d at 1210-11; <u>San Jose Mercury</u>
5 <u>News</u>, 187 F.3d at 1102-03.  "If a court finds particularized harm will result from disclosure of
6 information to the public, then it balances the public and private interests to decide whether a
7 protective order is necessary."  <u>Phillips</u>, 307 F.3d at 1211.

8         Stipulations and motions for entry of a protective order must (1) show a
9 particularized need for protection as to each individual document or piece of information
10 proposed to be covered by the order, (2) show why the need for protection should be addressed
11 by court order, as opposed to a private agreement between or among parties, and (3) describe the
12 types of documents or information eligible for protection under the order, with the description
13 provided in general terms sufficient to reveal the nature of the types of documents or information.
14 <u>See</u> <u>San Jose Mercury News</u>, 187 F.3d at 1103 (holding that blanket stipulated protective orders
15 "are inherently subject to challenge and modification, as the party resisting disclosure generally
16 has not made a particularized showing of good cause with respect to any individual document");
17 Local Rule 141.1.

18         The court will not enter a discovery order or a protective order that enables, by its
19 terms, the parties to designate so much material as "confidential" that, in essence, entire case
20 filings are sealed.  Nor will the court approve an order giving blanket authority to the parties to
21 designate what will be filed with the court under seal.  Here, the stipulated protective order
22 /////
23 /////
24 /////
25 /////
26 /////

1  proposed by the parties would give the parties blanket authority to designate documents to be
2  filed "Conditionally Under Seal."[2]
3        The parties' request for entry of the proposed stipulated protective order will be
4  denied without prejudice to the submission of a stipulated protective order that cures this defect.
5  The parties may, of course, agree that specific documents to be filed with the court that disclose
6  information derived from documents containing confidential information shall be submitted to
7  the court either in redacted form in conformity with Local Rule 140 or with a request to seal
8  documents and proposed sealing order in conformity with Local Rules 141 and 141.1.
9        Accordingly, IT IS ORDERED that the parties' July 11, 2012 request for entry of
10 the proposed stipulated protective order (Doc. No. 54) is denied without prejudice.
11 DATED: July 12, 2012.

                                            */s/ Dale A. Drozd*
                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\rhodes0013.spoden

---

[2] In this regard, the parties are advised that documents that are the subject of a protective order may not be filed with the court conditionally under seal. Instead, documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained. See Local Rule 141.1. A party seeking to obtain a sealing order shall comply with provisions of Local Rule 141. After compliance with Local Rule 141, the court will file an order granting or denying the request to seal.