1  LAW OFFICES OF STEPHEN M. MURPHY
   STEPHEN M. MURPHY (SBN 103768)
2  P. BOBBY SHUKLA (SBN 229736)
   353 Sacramento Street, Suite 1140
3  San Francisco, CA  94111
   Telephone     415. 986-1338
4  Facsimile     415. 986-1231

5  Attorney for Plaintiff
   BETH A. RHODES, M.D.
6
   LITTLER MENDELSON, P.C.
7  MAUREEN E. MCCLAIN (SBN 62050)
   MAIKO NAKARAI-KANIVAS (SBN 271710)
8  650 California Street, 20th Floor
   San Francisco, CA  94108-2693
9  Telephone     415.433.1940
   Facsimile     415.399.8490
10
   Attorneys for Defendant
11 SUTTER GOULD
   MEDICAL FOUNDATION
12
   DILLINGHAM & MURPHY, LLP
13 CARLA J. HARTLEY (SBN 117213)
   DANIELLE L. TIZOL (SBN 259702)
14 225 Bush Street, 6th floor
   San Francisco, CA  94104-4207
15 Telephone:    (415) 397-2700
   Facsimile:    (415) 397-3300
16
   Attorneys for Defendant
17 GOULD MEDICAL GROUP, INC.

18

UNITED STATES DISTRICT COURT

19

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

20

21

22 | BETH A. RHODES, M.D.,                      Case No. 2:12 CV-00013-WBS-DAD

           Plaintiff,                          **STIPULATION AND PROTECTIVE**
23                                             **ORDER REGARDING THE EXCHANGE**
       v.                                      **AND DISCLOSURE OF CONFIDENTIAL**
24                                             **INFORMATION**
   SUTTER HEALTH, A California
25 Corporation, SUTTER GOULD MEDICAL
   FOUNDATION, a California Corporation,
26 THE GOULD MEDICAL GROUP, INC., a
   California Corporation,
27
           Defendants.
28

# STIPULATION AND PROPOSED PROTECTIVE ORDER IN REGARD TO THE EXCHANGE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

Disclosure and discovery activity in this action are likely to involve production of confidential, trade secret, proprietary or personal information, including but not limited to private medical information of patients and highly confidential and proprietary business agreements, for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, in order to protect the confidentiality of Confidential Information obtained by the parties in connection with the lawsuit entitled *Beth Rhodes, M.D. v. Sutter Health, et al.*, Case No. 2:12 CV 00013-WBS-DAD in the District Court for the Eastern District of California, the parties, by and through their respective attorneys of record, hereby agree to stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

I. DESIGNATION OF DOCUMENTS AND TESTIMONY AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY

  A. Any party to this Stipulation may designate as "Confidential" any document, thing, electronically-stored information, response to discovery, or deposition testimony, or any portion thereof, which that party considers in good faith to contain Confidential Information subject to protection under California law.

  B. As used herein, the designation "Confidential" is to be used to identify any testimony, document, thing, electronically-stored information, or other response to discovery, or any portion thereof, that contains private, confidential and/or nonpublic personal, business, financial, proprietary, commercial, trade secret or personnel information about any party to this litigation or third parties.

  C. A party may designate as "Confidential" documents or discovery materials produced in connection with the case by providing written notice to all parties of the relevant

1 document numbers or other identification within thirty (30) days after receiving such
2 documents or discovery materials.  Any party may voluntarily disclose to others without
3 restriction any information designated by that party as confidential, although a document may
4 lose its confidential status if it is made public.

5       D.      Any party may designate highly confidential material as "Attorneys' Eyes Only"
6 if such information contains personal information pertaining to patients or other highly
7 confidential information, including, but not limited to any peer review documents, complaints,
8 appeals, or things, or any documents or agreements containing highly confidential proprietary
9 information, the disclosure of which would create a substantial risk of serious injury that could
10 not be avoided by less restrictive means.  Designation of such information shall be made in the
11 same manner as information designated "Confidential" as stated in Subsection C of this
12 Section.  Special care shall be taken with respect to material designated "Attorneys' Eyes
13 Only" so as to prevent inadvertent disclosure.

14 II.      IDENTIFICATION OF DOCUMENTS AND TESTIMONY DESIGNATED AS
15 CONFIDENTIAL OR ATTORNEYS' EYES ONLY

16       A.      A party may designate a document produced voluntarily, in response to written
17 discovery and/or a subpoena as "Confidential" or "Attorneys' Eyes Only" by stamping or
18 otherwise marking the document as "Confidential" or "Attorneys' Eyes Only."  If only a
19 portion of the document is to be identified "Confidential" or "Attorneys' Eyes Only," the first
20 page of the document shall be marked as "Subject to Protective Order" and the party producing
21 the document should stamp or otherwise mark the specific portion(s) of the document that are
22 "Confidential" or "Attorneys' Eyes Only."  If portions of a document identified as
23 "Confidential" or "Attorneys' Eyes Only" contain highly confidential information that is
24 neither relevant to this lawsuit nor reasonably likely to lead to the discovery of admissible
25 evidence, such highly confidential, irrelevant information may be redacted.

26       B.      A party may designate a written response to discovery as "Confidential" or
27 "Attorneys' Eyes Only" by stamping or otherwise marking the response as "Confidential" or
28 "Attorneys' Eyes Only."

1  C. A party may designate an audio and/or video recording, computer disk, or other electronic media as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise marking the audio and/or video tape, computer disk, or other electronic media as "Confidential" or "Attorneys' Eyes Only."  If only a portion of the audio and/or video tape, computer disk, or other electronic media is to be identified "Confidential" or "Attorneys' Eyes Only," the exterior of the audio and/or video tape, computer disk, or other electronic media shall be marked as "Subject to Protective Order" and the party producing the audio and/or video tape, computer disk, or other electronic media should identify or otherwise mark the specific portion(s) of the audio and/or video tape, computer disk, or other electronic media that are "Confidential" or "Attorneys' Eyes Only."

D. A party may designate information disclosed during deposition as "Confidential" or "Attorneys' Eyes Only" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party may designate in writing, within twenty (20) days after receipt of said deposition transcript or which the designation is proposed, that specific pages of the transcript be treated as "Confidential" or "Attorneys' Eyes Only."

E. Material designated as "Confidential" may be referred to herein as "Confidential Information." Similarly, material designated as "Attorneys' Eyes Only" may be referred to herein as "Attorneys' Eyes Only Information."

III. <u>OBJECTION TO DESIGNATION OF INFORMATION AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY</u>

A. If a party contends that any material is not entitled to confidential or attorneys' eyes only treatment such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the court for an order designating the material as confidential or attorneys' eyes only.  The party seeking the order has the burden of establishing that the material is entitled to protection.

B. Notwithstanding any challenge to the designation of material as Confidential

Information or Attorneys' Eyes Only Information, all material shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

 (1) the party who claims that the material is Confidential Information or Attorneys' Eyes Only Information withdraws such designation in writing; or

 (2) the party who claims that the material is Confidential Information or Attorneys' Eyes Only Information fails to apply to the court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

 (3) the court rules the material is not Confidential Information or Attorneys' Eyes Only Information.

IV. <u>LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION OR ATTORNEYS' EYES ONLY INFORMATION</u>

 A. All information produced or exchanged in the course of this litigation (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this litigation.

 B. Except with the prior written consent of the other parties, or upon prior order of the court obtained upon notice to all parties, information designated as "Confidential" shall not be disclosed to any person other than:

 (1) Counsel for the respective parties to this litigation and employees of such counsel;

 (2) A Party to this action. For parties that are not individuals, "Party" is defined to include those employees, principals, officers, partners, directors, and/or successors corporations of the Party who that Party's counsel deems necessary for the prosecution or defense of this litigation;

 (3) An insurer of a Party to this action, including the insurer's representatives;

 (4) Court reporters and videographers employed by counsel for the purpose of recording deposition testimony in this litigation;

1      (5)     Consultants or expert witnesses retained for the prosecution or defense of
2  this litigation, provided that each such person shall execute a copy of the Certification
3  annexed to this Order (which shall be retained by counsel to the party so disclosing the
4  Confidential Information and made available for inspection by opposing counsel during
5  the pendency or after the termination of the action only upon good cause shown and
6  upon order of the Court) before being shown or given any Confidential Information;

7      (6)     Authors or recipients of the information designated as Confidential
8  Information; and

9      (7)     The judge, court, or court personnel, and court reporters.

10  C.     Except with the prior written consent of the other parties, or upon prior order of
11  the court obtained upon notice to all parties, information designated "Attorneys' Eyes Only"
12  shall not be disclosed to any person other than:

13      (1)     Counsel for the respective parties to this litigation and employees of such
14  counsel;

15  D.     Any persons receiving Confidential Information or Attorneys' Eyes Only
16  Information shall not reveal or discuss such information to or with any person who is not
17  entitled to receive such information, except as set forth herein.

18  E.     Any persons receiving Confidential Information or Attorneys' Eyes Only
19  Information shall sign the "Certification" attached hereto.

20  V.    PROCEDURE FOR SUBMITTING CONFIDENTIAL INFORMATION TO COURT
21  FOR FILING

22  A.     Nothing contained in this Stipulation and Order shall prohibit a party from using
23  or referring to Confidential Information or Attorneys' Eyes Only Information in motion papers
24  or other pleadings filed with the court.

25  B.     Documents to be filed with the court that disclose Confidential Information or
26  Attorneys' Eyes Only Information, or information derived from documents containing
27  Confidential Information or Attorneys' Eyes Only Information, shall be submitted to the court
28  either in redacted form in conformity with Local Rule 140 or with a request to seal documents

and proposed sealing order in conformity with Federal Rule of Civil Procedure Rules 5.2 and 26 and Local Rules 141 and 141.1.

    C.    Any party who wishes to file documents with the court that disclose information that another party has designated as Confidential Information or Attorneys' Eyes Only Information shall give the party designating the information as Confidential Information or Attorneys' Eyes Only Information at least five days' advance notice before filing the Confidential Information or Attorneys' Eyes Only Information with the court, unless the Confidential Information or Attorneys' Eyes Only Information is needed to be filed in support of a request for extraordinary relief or in opposition to a motion filed by the opposing party.

VI.    <u>MISCELLANEOUS PROVISIONS</u>

    A.    All provisions of this Order restricting the communication or use of Confidential Information or Attorneys' Eyes Only Information shall continue to be binding after the conclusion of this dispute, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information or Attorneys' Eyes Only Information, other than that which is contained in motions, pleadings, correspondence, and deposition transcripts, shall either:

    (1)    return such documents no later than thirty (30) days after conclusion of this dispute to counsel for the party or non-party who provided such information, or

    (2)    destroy such documents within the time period upon consent of the party who provides the information and certify in writing within thirty (30) days that the documents have been destroyed.

    B.    Nothing herein shall prohibit a party from using Confidential Information or Attorneys' Eyes Only Information for purposes of this action, including pre-trial motions, depositions, alternative dispute resolution, as well as any arbitration, trial, hearing or appeal in this matter.

    C.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

1    D. Nothing herein shall be deemed to waive any objections by any party under
2 California Civil Code 1157 pertaining to the discoverability of peer review records or
3 objections under the Health Insurance Portability and Accountability Act of 1996 (HIPAA)
4 concerning the disclosure of confidential patient health information. Nothing herein shall be
5 deemed to waive the right or ability of any party to seek relief for an inadvertent disclosure of
6 such material.

7    E. Any witness or other person, firm or entity from which discovery is sought may
8 be informed of and may obtain the protection of this Order by written advice to the parties'
9 respective counsel or by oral advice at the time of any deposition or similar proceeding.

10    F. Neither the execution of this Stipulation, approval of the Order by a court, nor
11 conducting discovery in accordance with this Stipulation and Order shall be deemed a waiver
12 of the parties' right to compel arbitration pursuant to the terms of any applicable arbitration
13 provision.

15 VII. ENFORCEMENT OF STIPULATION AND ORDER

16    A. It is the intent of the parties that this Stipulation shall be effective and fully
17 enforceable in the absence of an order issued by a judge.  Any documents or things produced
18 before the court issues an order on this Stipulation shall be subject to this Stipulation as if the
19 order had been entered.

20    B. If the court, on motion of any party, finds that a party or its, his, or her counsel
21 are responsible for the unauthorized disclosure of information designated as Confidential
22 Information or Attorneys' Eyes Only Information as provided for in this Stipulation and Order,
23 the party and/or its, his, or her counsel may be subject to sanctions, civil contempt, and/or such
24 other relief as the court deems appropriate.

25    C. This stipulation for protective order is subject to modification on further written
26 stipulation of the parties, executed by its, his, or her counsel, or on motion to the court,
27 provided that counsel for the moving party provides notice and serves a complete copy of the
28 motion and supporting papers on all parties no less than 72 hours prior to the hearing of any ex

```
 1  parte motion.
 2  Dated: July 23, 2012            LAW OFFICES OF STEPHEN M. MURPHY
 3                                  STEPHEN M. MURPHY
                                    P. BOBBY SHUKLA
 4
 5
                                    By:      /s/ Stephen M. Murphy
 6                                      Stephen M. Murphy
                                        P. Bobby Shukla
 7                                      Attorney for plaintiff
                                        BETH A. RHODES, M.D.
 8
 9
    Dated: July 23, 2012            LITTLER MENDELSON, P.C.
10                                  MAUREEN E. MCCLAIN
                                    MAIKO NAKARAI-KANIVAS
11
12
                                    By:      /s/ Maureen E. McClain
13                                      Maureen E. McClain
                                        Maiko Nakarai-Kanivas
14                                      Attorneys for Defendant
                                        SUTTER GOULD
15                                      MEDICAL FOUNDATION
16
    Dated: July 23, 2012            DILLINGHAM & MURPHY, LLP
17                                  CARLA J. HATLEY
                                    DANIELLE L. TIZOL
18
19
                                    By:      /s/ Danielle L. Tizol
20                                      Carla J. Hartley
                                        Danielle L. Tizol
21                                      Attorneys for Defendant
                                        GOULD MEDICAL GROUP, INC.
22
23
24
25
26
27
28
```

## ATTACHMENT

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in the matter of *Beth Rhodes, M.D. v. Sutter Health, et al.*, No. 2:12 CV 00013-WBS-DAD in the District Court for the Eastern District of California. I have been given a copy of the Protective Order and have read it. I agree to be bound by the Protective Order. I will not reveal the Confidential Information to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Information, including copies, notes, or other transcripts made therefrom, in a secure manner to prevent unauthorized access to it. No later than 30 days after the conclusion of this litigation, I will return the Confidential Information, including copies, notes, or other transcripts made therefrom, to the counsel who provided me with the Confidential Information.

I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California, Sacramento Division for the purpose of enforcing the Protective Order.

Dated: _____

Signature

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| BETH A. RHODES, M.D.,<br><br>   Plaintiff,<br><br>  v.<br><br>SUTTER HEALTH, A California Corporation, SUTTER GOULD MEDICAL FOUNDATION, a California Corporation, THE GOULD MEDICAL GROUP, INC., a California Corporation,<br><br>   Defendants. | Case No. 2:12 CV-00013-WBS-DAD<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER REGARDING THE EXCHANGE AND DISCLOSURE OF CONFIDENTIAL INFORMATION** |

**IT IS SO ORDERED:**

The Parties' Stipulated Protective Order Regarding the Exchange and Disclosure of Confidential Information is hereby adopted by this Court.

Dated: July 25, 2012

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\rhodes0013.stip.prot.ord.doc