1   LAW OFFICES OF STEPHEN M. MURPHY
    STEPHEN M. MURPHY (No. 103768)
2   P.BOBBY SHUKLA (No. 229736)
    353 Sacramento Street, Suite 1140
3   San Francisco, CA 94111
    Tel:      (415) 986-1338
4   Fax:      (415) 986-1231

5   Attorneys for Plaintiff
    BETH A. RHODES, M.D.
6

7

8                    UNITED STATES DISTRICT COURT

9

10       EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

11

12  BETH A. RHODES, M.D.,                Case No.  2:12-cv-00013-WBS-DAD

13              Plaintiff,               **STATEMENT OF GENUINE ISSUES
                                         AND DISPUTED FACTS IN
14          v.                           OPPOSITION TO MOTION FOR
                                         SUMMARY JUDGMENT BY
    SUTTER HEALTH, a California Corporation,   DEFENDANT SUTTER GOULD
15  SUTTER GOULD MEDICAL            MEDICAL FOUNDATION**
    FOUNDATION, a California Corporation,
16  THE GOULD MEDICAL GROUP, INC., a
    California Corporation,              Judge:    Hon. William B. Shubb
17                                       Location: Courtroom 5, 14th Floor
                                         MSJ:      January 28, 2013
18              Defendants.
                                         Complaint Filed:  January 3, 2012
19                                       FAC Filed:   March 16, 2012
                                         Trial Date:    November 5, 2013
20

21

22

23          Pursuant to the United States District Court for the Eastern District of California, Local

24  Rule 260(a), plaintiff Beth A. Rhodes, M.D. (hereinafter "plaintiff" or "Dr. Rhodes") submits the

25  following opposition to Defendant Sutter Gould Medical Foundation's Motion for Summary

26  Judgment, or in the alternative, Partial Summary Judgment.

27

28

## FOURTH THROUGH NINTH CAUSES OF ACTION

**(Gender Harassment, Sex Discrimination, Retaliation, and Failure To Prevent Discrimination In Violation of FEHA, and Wrongful Termination in Violation of Public Policy)**

**Issue 1:** Plaintiff's fourth through ninth causes of action fail as a matter of law because SGMF was not Plaintiff's employer.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE IN OPPOSITION |
|---|---|
| 1.      Plaintiff Beth Rhodes ("Plaintiff"), a Board-certified radiologist, was employed by Defendant Gould Medical Group, Inc. ("GMG").<br><br>Declaration of Maureen E. McClain in support of Motion for Summary Judgment ["McClain Decl."] at:<br><br>       Exh. A (Complaint ¶ 9)<br><br>       Exh. B (FAC ¶ 14)<br><br>       Exh. C (Pl. Depo. 19:24-20:4, 29:22-30:21, 31:1-11, 34:21-35:1, 39:7-21, 39:22-40:18, 292:17-293:22, 355:18-25)<br><br>       Exh. D (Exh. 1 to Plaintiff's Depo. (EDD Claim for Disability Insurance))<br><br>       Exh. E (Exh. 2 to Plaintiff's Depo. (Resignation Letter))<br><br>       Exh. F (Exh. 3 to Plaintiff's Depo. (Shareholder Election Memorandum))<br><br>       Exh. G (Exh. 4 to Plaintiff's Depo. (Physician Employment Agreement))<br><br>Exh. Y (Exh. 40 to Plaintiff's Depo. (E-mail from Plaintiff to Paul DeChant and Stephanie Miller)) | **Disputed** for the purposes of this motion.  Because of the structure of health care delivery the Legislative History makes clear that clinics practicing under a Health & Safety Code Section 1206(1) exemption "should be treated like physicians offices" (PE 7) and "function like group practices of physicians." (PE 14)  See Sutter Gould Medical Foundation (hereinafter "SGMF") Request for Judicial Notice and Exhibit FF to McClain Dec. SGMF cites no evidence or authority that the dual structure to exempt them from state licensing requirements was also meant to be a back door mechanism to exempt the "physicians offices" from their Fair Employment and Housing Act obligations for violations of discrimination laws occurring at these clinics by their "joint" employees.  Denying the FEHA rights of health care providers on either side of the fictitious "group" and "foundation" divide was not the intention of the legislature.  The "group" and "foundation" structure constitutes an "integral" enterprise and this court should hold that liability flows therefrom.<br><br>Plaintiff **was** identified by SGMF as an employee and/or Gould Medical Group (hereinafter "GMG") members identified themselves as SGMF employees and/or identify plaintiff as a "SGMF/GMG" employee and plaintiff contends she thereby raises a triable issue of fact as to this issue.<br><br>See Declaration of Stephen J. Purtill in Support of Opposition hereto (hereinafter "Dec SJP") at: |

| | |
|---|---|
| | Exhibit H (Dr. Stadelman depo at 146:10-147:10); and |
| | Exhibit BB (Exhibit 146 to Dr. Stadelman depo at Gould 247 1st ¶ "Enclosed please find Medicare form CMS 855R for Sutter Gould Medical Foundation physician, Beth A. Rhodes, M.D.; and |
| | Exhibit G (Dr. Pricco depo at 92:1-93:25); and |
| | Exhibit Z (Exhibit 120 to Dr. Pricco deposition at Gould 336 1st ¶ "Enclosed please find form DHS6216 for Beth Rhodes, M.D. Dr. Rhodes provides services for Sutter Gould Medical Foundation at…" |
| | Exhibit H (Dr. Stadelman depo at 150:24-152:12); and |
| | Exhibit CC (Exhibit 147 to Dr. Stadelman deposition at confirming SGMF's request for staff privileges for Dr. Rhodes at Memorial Medical Center); and |
| | Exhibit I (Exhibit 157 to Dr. Mitnick depo at 58:15-60:1, Dr. Mitnick is the authorized agent of SGMF for NDNP Query on Dr. Rhodes); and |
| | SEALED 060-062 (Exhibit 157 to Dr. Mitnick depo); and |
| | Exhibit I (Dr. Mitnick depo at 60:2-8); and |
| | Exhibit GG (Exhibit 158 to Dr. Mitnick deposition identifying Christy Addor as the "Physician Recruitment Coordinator Sutter Gould Medical Foundation/GMG); and |
| | Exhibit C (Edge depo at 128:9-129:4); and |
| | Exhibit P (Exhibit 19a to Edge depo identifying Dr. Rhodes as the recipient of SGMF STAR Award); and |

| | |
|---|---|
| | Exhibit II – Subpoenaed medical records from SGMF for Dr. Rhodes where her treating orthopedist identifies her at Bates page 19 as "This 58 year-old is a right hand dominant female who is a radiologist here at Sutter Gould Medical Foundation/Gould Medical Group…" |
| 2. SGMF was not Plaintiff's employer.<br><br>McClain Decl. at:<br><br>   Exh. A (Complaint ¶ 9)<br><br>   Exh. B (FAC ¶ 14)<br><br>   Exh. C (Pl. Depo. 19:24-20:4, 29:22-30:21, 31:1-11, 34:21-35:1, 39:7-21, 39:22-40:18, 292:17-293:22, 355:18-25<br><br>   Exh. C (Exh. 1 to Plaintiff's Depo. (EDD Claim for Disability Insurance))<br><br>   Exh. D (Exh. 2 to Plaintiff's Depo. (Resignation Letter))<br><br>   Exh. E (Exh. 3 to Plaintiff's Depo. (Shareholder Election Memorandum))<br><br>   Exh. F (Exh. 4 to Plaintiff's Depo. (Physician Employment Agreement))<br><br>   Exh. Y (Exh. 40 to Plaintiff's Depo. (E-mail from Plaintiff to Paul DeChant and Stephanie Miller))<br><br>Declaration of Charles Sanders in support of Motion for Summary Judgment ["Sanders Decl."] at:<br><br>   ¶¶ 3, 5<br><br>Exh. 2 (PSA, Art. 2.1) | **Disputed** for the purposes of this motion.<br><br>SGMF and GMG were Plaintiff's de facto joint employer.<br><br>SGMF and GMG had several "Joint Operating Policies" that applied to both SGMF and GMG employees equally showing a joint interrelationship of management and common interest in the labor relationship with employees and policy of the group and the foundation.<br><br>Dec SJP at:<br><br>Exhibit C (Edge depo at 26:1-23); and<br><br>Exhibit J (Exhibit 5 Edge depo "Patient Rights and Responsibilities and Medical Ethics);<br><br>Exhibit G (Dr. Pricco depo at 59:18-65:8; 69:8-12); and<br><br>Exhibit C (Edge depo at 30:2-35:16; 38:12-39:13;);<br><br>Exhibit J (Exhibit 6 Edge depo "Zero Tolerance and Prevention of Workplace Violence"); and<br><br>Exhibit G (Dr. Pricco depo at 64:1-65:8; 69:8-12); and<br><br>Exhibit G (Dr. Pricco depo at 68:12-74:17; 81:12-82:3; ); and<br><br>Exhibit Y (Exhibit 117 Dr. Pricco depo "Quality Management Program Description"); and<br><br>SGMF and GMG job titles and stationary are used interchangeably.<br><br>Dec SJP at: |

Exhibit H (Dr. Stadelman depo at 57:12-59:10); and

Exhibit G (Dr. Pricco depo at 179:18-180:4); and

Exhibit S (Exhibit 29 to Edge depo "June 10, 2010" letter); and

SGMF's Director of Imaging, Roberta Edge, was used by GMG to, inter alia, to provide medical ratings as to plaintiff's performance; was part of the "leadership" team responsible for the sham investigation to develop cause to terminate plaintiff, including failing to investigate any evidence that corroborated Dr. Rhodes position vis-à-vis preferential treatment being given to Dr. Knox on the basis of her gender. Was directed by GMG Medical Director Steven Mitnick, M.D., as to her actions including maintaining the file and writing the first draft of her Final Warning letter, served as the "corroborating witness" for GMG and refused to investigate inappropriate actions directed at Dr. Rhodes by her staff in their attempt to cause Dr. Rhodes to have an "inappropriate outburst" to establish cause for her immediate termination. GMG can require the removal of SGMF employees from the premises.

Dec SJP at:

Exhibit C (Edge depo at 48:12-50:4; 53:21-54:7; 117:23-120:1; 124:4-18; 126:7-127:14; 146:13-152:22; 157:18-164:6; 165:12-167:13; 168:20-172:13; 181:16-185:24; 199:3-205:14; 256:23-261:12; 290:14-295:20); and

Exhibits M and O (Exhibits 11 and 19 Edge depo "DPO Questionnaire"); and

Exhibit Q (Exhibit 22 Edge depo re "4/30/10 notes"; and

Exhibit R (Exhibit 23 at Edge depo re "5/3/10 notes"); and

Exhibit S (Exhibit 29 to Edge depo re June 10, 2010 letter on Sutter Gould Medical Foundation letterhead); and

Exhibit U (Exhibit 44 to Edge depo re emails

"9/16/2010") and

SEALED 022-026 (Exhibit 53 to Edge depo re Final Warning letter"); and

Exhibit G (Dr. Pricco depo at 22:20-23:13; 140:3-141:25; 143:16-146:15; 158:5-159:7; 164:1-165:19; 238:20-239:9)

Exhibit H (Dr. Stadelman depo at 75:20-76:18; 85:16-87:2; 90:23-92:6; 168:7-176:25; 220:22-221:9; 237:10-239:4; 239:20-240:17; 252:9-253:6; 254:19-256:6; 264:3-14; 277:21-278:23); and

Exhibit I (Dr. Mitnick depo at 45:9-46:5; 48:11-52:23; 104:3-111:5; 112:8-122:4; 189:15-190:20); and

Exhibit D (Davis depo at 93:3-15); and

Exhibit A (Dr. Rhodes depo at 33:12-21; 187:16-191:13; 195:21-207:23); and

Exhibit E (Plante depo at 54:11-57:7; 73:13-74:1; 95:4-98:18); and

Exhibit BB to the McClain Decl in Support of Motion for Summary Judgment re Edge Exhibit 25 impeached by Plante above; and

Plaintiff's harassment/gender discrimination complaint was "investigated" as a "joint investigation" of the Gould Medical Group and Sutter Gould Medical Foundation and reported that Dr. Rafael Vargas had told her that Dr. Rhodes was the "victim" and that she had been "ganged up on" by, inter alia, Robbie Edge and Kathy Davis, SGMF employees, that she was on "pins and needles" following the April 30, 2010 and only interviewed the people that Dr. Rhodes identified as harassing/discriminating against her,

Dec SJP at:

Exhibit F (Van Dermyden depo at 8:9-13; 27:13-17; 76:10-78:2; 82:4-84:22; 86:9-87:21; 99:3-102:12; 108:16-110:10; 110:24-112:11; 136:19-138:6; 146:17-150:16; 189:5-193:25; 198:2-200:6

**Disputed Facts** 1 through 12 below are incorporated herein by reference as if set forth in

| | full. |
|---|---|

Plaintiff contends that the following material facts are disputed as regards Plaintiff's fourth through ninth causes of action and raise a question of fact as a matter of law because SGMF employees made "medical decisions" that directly affected the plaintiff thereby waiving any protection that SGMF asserts is afforded them on the basis of California Health and Safety Code section 1206(l).

| DISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **1.** The Pre-Biopsy Surgical Consult Protocol (also known as the Surgical Consult Prior to Breast Needle Biopsy) states: I. Policy **"It is the policy of the Sutter Gould Medical Foundation ("SGMF")** to schedule patients for a surgical consult prior to any needle biopsy of the breast." (Emphasis added.)<br><br>Plaintiff contends that this is clearly a "medical policy" requiring a "medical decision" and since, on the face of the protocol, SGMF imposes their medical decision on patients it voids the protection defendants argue California Health and Safety Code section 1206(l) provides them resulting, plaintiff contends to a reversion to their earlier status as a "group practice of physicians" along with their nurses, technicians and staff. | Dec. SJP at:<br><br>Exhibit C (Edge depo at 303:22-304:24); and<br><br>Exhibit N (Edge depo Exhibit 17 "Surgical Consult Prior to Breast Needle Biopsy");<br><br>Exhibit I (Dr. Mitnick depo at 255:24-256:19);<br><br>Exhibit H (Dr. Stadelman depo at 14:5-21:11; 23:16-20; 28:6-29:11; 29:14-29:18; 33:14-42:14); and<br><br>Exhibit B (Dr. Rhodes depo at 98:14-100:25);<br><br>Medical Practice Act, Business and Professions Code Sections 2052 and 2400;<br><br>Declaration of Jill Gordon in Support of Defendant SGMF Motion for Summary Judgment, report dated October 3, 2012 at pages 2-3 (ECF Docket #73 at pages 17 and 18 of 26). |

| | |
|---|---|
| **2.** SGMF admits that they have shredded key medical records of all of the SGMF patients who have undergone breast needle biopsy during the period that plaintiff was employed at Sutter Gould Medical Foundation/Gould Medical Group in violation of both the PSA and the Sutter Gould Medical Foundation and Gould Medical Group Joint Operating Policy re Policy Guidelines on the Retention of Medical Records thereby making a "medical decision" and engaged in the practice of medicine that directly affects plaintiff and her ability to show from the actual medical records, the Breast Health Flow Sheet Mammography & Ultrasound Instructions, called "pink sheets", how many unnecessary pre-biospsy surgical consults have occurred and information identifying patients for retrieval of billing information to show the profit to SGMF/GMG in the past five years. Further, the GMG Medical Director acknowledges that it is up to the SGMF to decide which medical records of a patient should be kept and which should be destroyed thereby putting critical medical decisions in the hands of SGMF voiding whatever protection defendants argue California Health and Safety Code section 1206(l) provides them resulting, plaintiff contends in a reversion to their earlier status as a "group practice of physicians" along with their nurses, technicians and staff. | Dec SJP at:<br><br>Exhibit D (Davis depo at 45:9-49:10; 49:25-52:15); and<br><br>SEALED 035-038 (Exhibit 63 to Davis depo); and<br><br>Exhibit H (Dr. Stadelman depo at 59:11-21; 312:3-313:4); and<br><br>Exhibit G (Dr. Pricco's depo at 40:1-23; 54:24-55:10); and<br><br>Exhibit I (Dr. Mitnick's depo at 15:22-16:19; 36:14-38:13; 39:18-41:5); and<br><br>Exhibit X (Exhibit 103 Plante depo) and<br><br>Exhibit DD (Exhibit 156 Mitnick depo); and<br><br>Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 10 (p.6:18-7:15);<br><br>Medical Practice Act, Business and Professions Code Sections 2052 and 2400;<br><br>Declaration of Jill Gordon in Support of Defendant SGMF Motion for Summary Judgment, report dated October 3, 2012 at pages 2-3 (ECF Docket #73 at pages 17 and 18 of 26). |

**Issue 2**: Plaintiff's fourth through ninth causes of action fail as a matter of law because the integrated enterprise theory does not apply to the relationship between SGMF and GMG, which is one under and consistent with California Health and Safety Code section 1206(l).

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE IN OPPOSITION |
|---|---|
| SGMF reasserts UMFs 1-2.<br><br>SGMF reasserts the evidence in support of UMFs 1-2. | Plaintiff reasserts the evidence in opposition to UMFs 1-2 and Disputed Facts and Evidence 1 and 2. |
| 3.      SGMF is a nonprofit public benefit corporation organized under the California Nonprofit Public Benefit Corporation Law.<br><br>Declaration of Andreanna Ksidakis in support of Motion to Dismiss for Failure to State a Claim and for a More Definite Statement ["Ksidakis Decl."] at:<br><br>      Exh.   C   (SGMF   Articles   of Incorporation, Art. II(A))<br><br>      Exh. D (SGMF Bylaws, Art. I)<br><br>Sanders Decl. at:<br><br>      ¶ 2<br><br>Exh. 2 (PSA, Recitals A) | Undisputed. |
| 4.      SGMF   operates   clinics   which provide outpatient healthcare services, as well as a clinical research department.<br><br>Sanders Decl. at:<br><br>      ¶ 2<br><br>      Exh. 2 (PSA, Recitals A, E)<br><br>Ksidakis Decl. at Exh. C (SGMF Articles, Art. II(B)(1)) | Undisputed. |

| | |
|---|---|
| 5.      GMG employs over 40 physicians and surgeons, who represent not less than ten board-certified specialties and not less than two-thirds of whom practice on a full-time basis at SGMF's clinic.<br><br>Sanders Decl. at:<br><br>     ¶ 5<br><br>Exh. 2 (PSA, Art. 2.1) | Undisputed. |
| 6.      The relationship between SGMF and GMG is one between a nonprofit corporation which operates a healthcare clinic and a medical group, organized under and consistent with California Health and Safety Code section 1206(l).<br><br>Sanders Decl. at:<br><br>     ¶¶ 2-5, 13<br><br>     Exh. 2 (PSA, Recitals A, C, Art. 1-2, 9)<br><br>Declaration of Jill Gordon in support of Motion for Summary Judgment ["Gordon Decl."] at Exh. B (Gordon Report, §§ III-IV) | Undisputed. |
| 7.      SGMF and GMG negotiate and enter into a Professional Services Agreement ("PSA"), which sets forth the terms of their contractual relationship, usually on a yearly basis.<br><br>Sanders Decl. at:<br><br>     ¶¶ 1, 4<br><br>     Exh. 2 (PSA & Art. 7)<br><br>Gordon Decl. at Exh. B (Gordon Report, § IV) | Undisputed. |
| 8.      The PSA can be terminated by either party, with or without cause.<br><br>Sanders Decl. at:<br><br>     ¶ 10<br><br>     Exh. 2 (PSA, Art. 7.2) | Undisputed. |

| Gordon Decl. at Exh. B (Gordon Report, § IV.A.8) | |
|---|---|
| 9. SGMF and GMG do not have a parent-subsidiary relationship.<br><br>Ksidakis Decl. at Exh. E (Form 990)<br><br>Sanders Decl. at:<br><br>¶¶ 2-13<br>Exh. 2 (PSA) | Undisputed. |
| 10. The relationship between SGMF and GMG is distinct from a parent-subsidiary relationship.<br><br>Gordon Decl. at Exh. B (Gordon Report, § V)<br><br>Sanders Decl. at:<br><br>¶¶ 2-13<br>Exh. 2 (PSA) | Undisputed. |
| | |

**Issue 3**: Plaintiff's fourth through ninth causes of action fail as a matter of law because the integrated enterprise theory does not apply to the relationship between SGMF and GMG, as Plaintiff's actual employer independently satisfies the jurisdictional requirements of the California Fair Employment and Housing Act ("FEHA").

| **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | **RESPONSE IN OPPOSITION** |
|---|---|
| SGMF reasserts UMFs 1-2.<br><br>SGMF reasserts the evidence in support of UMFs 1-2. | Plaintiff reasserts the evidence in opposition to UMFs 1-10 and Disputed Facts and Evidence 1 and 2. |

| | |
|---|---|
| | |
| 11. GMG has more than five employees.<br><br>Sanders Decl. at ¶ 5 | Undisputed. |

**Issue 4**: Plaintiff's fourth through ninth causes of action fail as a matter of law because, even assuming *arguendo* the integrated enterprise theory applied, SGMF and GMG were not part of an integrated enterprise.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE IN OPPOSITION |
|---|---|
| SGMF reasserts UMFs 1-10.<br><br>SGMF reasserts the evidence in support of UMFs 1-10. | Plaintiff reasserts the evidence in opposition to UMFs 1-11 and Disputed Facts and Evidence 1 and 2. |
| 12. SGMF does not make decisions regarding which physicians to hire for employment at GMG.<br><br>Sanders Decl. at ¶ 12 | Undisputed. |
| 13. SGMF did not make the decision to hire Plaintiff for employment at GMG.<br><br>McClain Decl. at Exh. C (Pl. Depo. 63:3-7)<br><br>Sanders Decl. at ¶ 12 | Undisputed. |
| 14. Plaintiff applied for employment with GMG.<br><br>McClain Decl. at Exh. C (Pl. Depo. at 31:12-14). | **Disputed.**<br><br>Dec SJP at:<br><br>Exhibit GG (Exhibit 158 to Dr. Mitnick deposition identifying Christy Addor as the "Physician Recruitment Coordinator Sutter Gould Medical Foundation/GMG); and |

| | |
|---|---|
| 15. Plaintiff entered into an employment agreement with GMG.<br><br>McClain Decl. at:<br><br>  Exh. C (Pl. Depo. at 39:22-40:18)<br><br>  Exh. G (Exh. 4 to Plaintiff's Depo. (Physician Employment Agreement)) | Disputed insofar as the employment agreement incorporated in the PSA that she would be working through and with SGMF which is an interrelation of operations between SGMF/GMG.<br><br>Dec SJP at:<br><br>Exhibit G (Dr. Pricco depo at 40:3-23; 41:21-43:22;); and |
| 16. The employee handbook containing policies regarding Plaintiff's employment was issued by GMG.<br><br>McClain Decl. at:<br><br>  Exh. C (Pl. Depo. 181:21-182:12)<br><br>Exh. X (Exh. 29 to Plaintiff's Depo. (GMG Employee Handbook)) | Undisputed. |
| 17. GMG determined the amount of Plaintiff's compensation.<br><br>McClain Decl. at:<br><br>  Exh. C (Pl. Depo. 40:2-7, 40:19-24, 41:5-42:16, 45:17-46:8, 46:17-47:10, 48:10-18, 48:19-49:1)<br><br>  Exh. G (Exh. 4 to Plaintiff's Depo. (Physician Employment Agreement))<br><br>  Exh. H (Exh. 5 to Plaintiff's Depo. (GMG Individual Performance Bonus))<br><br>  Exh. I (Exh. 6 to Plaintiff's Depo. (Letter from Dr. Peterson re: Review of Productivity Information))<br><br>  Exh. L (Exh. 9 to Plaintiff's Depo. (GMG 2009 Individual Compensation Change Report))<br><br>  Exh. M (Exh. 10 to Plaintiff's Depo. (GMG 2010 Individual Compensation Change Report))<br><br>  Exh. X (Exh. 29 to Plaintiff's Depo. | Undisputed. |

| | |
|---|---|
| (GMG Employee Handbook, p. 47)) Sanders Decl. at: ¶ 5 Exh. 2 (PSA, Art. 2.13(b)) | |
| 18.     Plaintiff's compensation was paid by GMG. McClain Decl. at: Exh. C (Pl. Depo. 47:17-23, 47:24-48:9) Exh. J (Exh. 7 to Plaintiff's Depo. (GMG Payroll Action Request)) Exh. K (Exh. 8 to Plaintiff's Depo. (GMG Paystub)) Sanders Decl. at Exh. 2 (PSA, Art. 2.13(b)) | Undisputed. |
| 19.     The benefit plans Plaintiff enrolled in during her employment were provided by GMG. McClain Decl. at: Exh. C (Pl. Depo. 49:2-11, 49:12-50:5, 50:8-21, 50:22-51:11, 51:12-22, 51:23-52:15, 52:16-53:10) Exh. N (Exh. 11 to Plaintiff's Depo. (GMG Cafeteria Plan Enrollment Form)) Exh. O (Exh. 12 to Plaintiff's Depo. (Group Insurance Enrollment Form)) Exh. P (Exh. 13 to Plaintiff's Depo. (2008 GMG Group Enrollment Form)) Exh. Q (Exh. 14 to Plaintiff's Depo. (GMG 401(k) Profit Sharing Plan for 2009)) Exh. R (Exh. 15 to Plaintiff's Depo. (GMG 401(k) Profit Sharing Plan for | Undisputed. |

| | |
|---|---|
| 2008)) | |
| Exh. S (Exh. 16 to Plaintiff's Depo. (GMG Memo re: Profit Sharing Contributions)) | |
| Exh. T (Exh. 17 to Plaintiff's Depo. (GMG Interim and Long-Term Disability Benefits)) | |
| Exh. X (Exh. 29 to Plaintiff's Depo. (GMG Employee Handbook, p. 54)) | |
| 20.    SMGF did not decide the amount of Plaintiff's compensation or the benefits she would receive.<br><br>McClain Decl. at Exh. C (Pl. Depo. 42:17-43:1, 46:9-12, 47:11-16)<br><br>Sanders Decl. at:<br><br>¶¶ 5, 11-12<br><br>Exh. 2 (PSA, Art. 2.13(b)) | Undisputed. |
| 21.    SGMF does not make decisions regarding the compensation packages of physicians employed by GMG.<br><br>Sanders Decl. at:<br><br>¶¶ 5, 11-12<br><br>Exh. 2 (PSA, Art. 2.13(b)) | Undisputed. |
| 22.    SGMF did not make the decision to make Plaintiff a shareholder of GMG.<br><br>Sanders Decl. at:<br><br>¶ 12<br><br>Exh. 2 (PSA, Art. 2.13(a)) | Undisputed. |
| 23.    SGMF does not make decisions regarding which physicians become shareholders of GMG.<br><br>Sanders Decl. at: | Undisputed. |

| | |
|---|---|
| ¶ 12<br><br>Exh. 2 (PSA, Art. 2.13(a)) | |
| 24. Dr. Stadelman, a GMG employee and Chief of the Radiology Group, gave Plaintiff her work assignments.<br><br>McClain Decl. at Exh. C (Pl. Depo. 55:19-21, 57:12-58:1, 60:1-22, 172:1-6)<br><br>Sanders Decl. at ¶ 7 | Undisputed. |
| 25. SGMF was not involved in the alleged decision to assign Plaintiff low-RVU work.<br><br>McClain Decl. at Exh. C (Pl. Depo. 86:22-25)<br><br>Sanders Decl. at ¶ 7 | Undisputed. |
| 26. As a physician, Plaintiff practiced under her own license, and did not have a supervisor.<br><br>McClain Decl. at Exh. C (Pl. Depo. 54:19-55:10) | Undisputed. |
| 27. GMG employees have the authority to make independent medical decisions regarding patient care, and have the final say regarding such decisions.<br><br>Sanders Decl. at:<br><br>¶¶ 6, 10, 12<br><br>Exh. 2 (PSA, Art. 1.1(a), 2.12, 9.1)<br><br>Gordon Decl. at Exh. B (Gordon Report, § IV.A.6) | Undisputed. |
| 28. Plaintiff received evaluations of her performance from GMG.<br><br>McClain Decl. at: | Disputed.<br><br>Dec SJP at: |

| | |
|---|---|
| Exh. C (Pl. Depo. 53:11-15, 53:16-25, 54:1-56:6, 56:7-57:3)<br><br>Exh. U (Exh. 18 to Plaintiff's Depo. (2008 Review of Plaintiff))<br><br>Exh. V (Exh. 19 to Plaintiff's Depo. (Plaintiff's Response to 2010 Review)) | Exhibit C (Edge depo at 48:12-50:4; 53:21-54:7; 117:23-120:1; 124:4-18; 126:7-127:14); and<br><br>Exhibits M and O (Exhibits 11 and 19 Edge depo "DPO Questionnaire"). |
| 29.    SGMF did not evaluate the performance of Plaintiff's medical responsibilities.<br><br>Sanders Decl. at:<br><br>¶¶ 7, 12<br><br>Exh. 2 (PSA, Art. 9.1) | Disputed.<br><br>Exhibit C (Edge depo at 48:12-50:4; 53:21-54:7; 117:23-120:1; 124:4-18; 126:7-127:14); and<br><br>Exhibits M and O (Exhibits 11 and 19 Edge depo "DPO Questionnaire"); and |
| 30.    Plaintiff received a disciplinary warning regarding her behavior from Dr. Stadelman.<br><br>McClain Decl. at:<br><br>Exh. C (Pl. Depo. 63:10-65:8)<br><br>Exh. W (Exh. 21 to Plaintiff's Depo. (Warning letter from Dr. Stadelman re: Unprofessional Behavior)) | Undisputed. |
| 31.    SGMF has its own articles of incorporation and bylaws.<br><br>Ksidakis Decl. at:<br><br>Exh. C (SGMF Articles of Incorporation)<br><br>Exh. D (SGMF Bylaws) | Undisputed. |
| 32.    SGMF is not a related organization of GMG.<br><br>Ksidakis Decl. at Exh. E (Form 990) | Undisputed. |
| 33.    SGMF has its own officers and Board of Directors. | Undisputed. |

| | |
|---|---|
| Ksidakis Decl. at Exh. D (SGMF Bylaws, Art. V, VII) | |
| Declaration of Joe Hirt in support of Motion for Summary Judgment ["Hirt Decl."] at: | |
| ¶ 2 | |
| Exh. 1 (SGMF Board Members) | |
| 34. SGMF's officers are appointed by SGMF or its General Member, Sutter Health. | Undisputed. |
| Ksidakis Decl. at Exh. D (SGMF Bylaws, Art. VII, § 7-2) | |
| 35. SGMF's Board members are appointed by SGMF or its General Member, Sutter Health. | Undisputed. |
| Ksidakis Decl. at Exh. D (SGMF Bylaws, Art. V, § 5-1(I)) | |
| 36. SGMF's Board members can be removed by its General Member, Sutter Health. | Undisputed. |
| Ksidakis Decl. at Exh. D (SGMF Bylaws, Art. V, § 5-1(K)) | |
| 37. GMG has its own Board of Directors. | Undisputed. |
| Sanders Decl. at ¶ 9 | |
| McClain Decl at Exh. X (Exh. 29 to Plaintiff's Depo. (GMG Employee Handbook, p.14)) | |
| 38. SGMF does not participate in any decision-making regarding GMG's internal affairs. | Disputed. |
| Sanders Decl. at: | Dec SJP at: |

| | |
|---|---|
| ¶ 11<br><br>Exh. 2 (PSA, Art. 2.13(a)) | Exhibit I (Mitnick depo at 63:1-64:22 – Charles Sanders managed the finances for **both** SGMF and GMG as of December 14th, 2009); and<br><br>SEALED 063-066 (Exhibit 160 Mitnick deposition) |
| 39.   SGMF and GMG do not have common ownership.<br><br>Sanders Decl. at ¶ 9 | Undisputed. |
| 40.   SGMF and GMG have separate bank accounts, general ledgers, investments, payroll accounts, and employee benefit plans.<br><br>Sanders Decl. at ¶ 9 | Undisputed. |
| 41.   SGMF and GMG have separate tax identification numbers and employer identification numbers.<br><br>Sanders Decl. at ¶ 9 | Undisputed. |
| 42.   SGMF and GMG have separate financial and legal advisors.<br><br>Sanders Decl. at ¶ 9 | Disputed.<br><br>Dec SJP at:<br><br>Exhibit I (Mitnick depo at 63:1-64:22 – Charles Sanders managed the finances for **both** SGMF and GMG as of December 14th, 2009); and<br><br>SEALED 063-066 (Exhibit 160 Mitnick deposition) |
| 43.   SGMF and GMG have separate operational budgets.<br><br>Sanders Decl. at ¶ 9 | Undispuuted. |

| | |
|---|---|
| 44.    SGMF is the sole owner of the infrastructure, leasehold interests, business and financial records, and its proprietary information.<br><br>Sanders Decl. at:<br><br>¶ 9<br><br>Exh. 2 (PSA, Art. 8.1(a) & 8.3(a)-(b)) | Undisputed. |
| 45.    GMG is the sole owner of its internal business, financial and personnel records and proprietary information.<br><br>Sanders Decl. at:<br><br>¶ 9<br><br>Exh. 2 (PSA, Art. 8.1(b) & 8.3(d)) | Undisputed. |

## **TENTH CAUSE OF ACTION**

### **(Defamation)**

**Issue 5**:  Plaintiff's tenth cause of action for defamation fails as a matter of law because it is time-barred.

| **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | **RESPONSE IN OPPOSITION** |
|---|---|
| 46.    No alleged defamatory statements about Plaintiff were made by SGMF employees after December 14, 2010.<br><br>McClain Decl. at Exh. C (Pl. Depo. 111:24-113:3, 113:13-19)<br><br>Declaration of Katherine Davis in support of Motion for Summary Judgment ["Davis Decl."] at ¶ 2 | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |
| 47.    No alleged defamatory statements about Plaintiff by SGMF employees were repeated after December 14, 2010. | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh |

| | |
|---|---|
| McClain Decl. at Exh. C (Pl. Depo. 153:2-156:13)<br><br>Davis Decl. at ¶ 2 | Cause of Action for Intentional Infliction of Emotional Distress. |

**Issue 6**: Plaintiff's tenth cause of action for defamation fails as a matter of law because Plaintiff has no admissible evidence of any defamatory statements.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE IN OPPOSITION |
|---|---|
| 48.    Plaintiff did not witness any of the alleged defamatory statements about her by Roberta Edge.<br><br>McClain Decl. at Exh. C (Pl. Depo. 125:11-126:2, 126:12-20, 127:4-20, 129:16-130:10, 130:11-131:4) | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |
| 49.    Plaintiff did not witness any of the alleged defamatory statements about her by Kathy Davis.<br><br>McClain Decl. at Exh. C (Pl. Depo. 131:6-12, 147:5-18, 150:20-151:15, 152:16-23) | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |

**Issue 7**: Plaintiff's tenth cause of action for defamation fails as a matter of law because the alleged defamatory statements are opinions.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE IN OPPOSITION |
|---|---|
| 50.    Plaintiff's behavior and interactions with other physicians and SGMF staff members were under investigation from around June 2010.<br><br>McClain Decl. at:<br><br>   Exh. C (Pl. Depo. 63:10-19, 84:8-11, 188:18-20, 320:13-21)<br><br>   Exh. W (Exh. 21 to Pl. Depo | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |

| | |
|---|---|
| (Warning letter from Dr. Stadelman re: Unprofessional Behavior)) | |
| Exh. Z (Edge Depo. 154:21-155:3, 157:19-158:3, 181:17-182:21, 299:3-300:20) | |
| Exh. AA (Exh. 23 to Edge Depo (May 3, 2010 Notes by Roberta Edge)) | |
| Exh. BB (Exh. 25 to Edge Depo (May 24, 2010 Notes by Roberta Edge)) | |
| Exh. CC (Exh. 54 to Edge Depo (November 11, 2010 E-mail from Roberta Edge)) | |
| Exh. DD (Davis Depo. 91:16-92:15, 269:18-270:15) | |
| Exh. EE (Plante Depo. 51:2-10, 192:11-193:8) | |

**Issue 8**: Plaintiff's tenth cause of action for defamation fails as a matter of law because the alleged defamatory statements are privileged.

| **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | **RESPONSE IN OPPOSITION** |
|---|---|
| 51. Any defamatory statements about Plaintiff allegedly made by Roberta Edge were made to employees of SGMF, GMG or Memorial Medical Center.<br><br>McClain Decl. at Exh. C (Pl. Depo. 122:7-123:20) | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |
| 52. Any defamatory statements about Plaintiff allegedly made by Kathy Davis were made to employees of SGMF or GMG.<br><br>McClain Decl. at:<br><br>Exh. DD (Davis Depo. 255:17-257:22, 258:21-259:2)<br><br>Davis Decl. at ¶¶ 2-3 | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |

| | |
|---|---|
| 53.     The only reason why Davis made statements regarding the bleeds that occurred during biopsies performed by Plaintiff was to improve patient care.<br><br>Davis Decl. at ¶ 4. | Undisputed for the purposes of this motion only. The allegations in the complaint are still incorporated by reference into plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress. |

## **ELEVENTH CAUSE OF ACTION**

### **(Intentional Infliction of Emotional Distress)**

**Issue 9**: Plaintiff's eleventh cause of action for intentional infliction of emotional distress fails as a matter of law because all of Plaintiff's other claims fail.

| **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | **RESPONSE IN OPPOSITION** |
|---|---|
| SGMF reasserts UMFs 1-53.<br><br>SGMF reasserts the evidence in support of UMFs 1-53. | **Disputed.**     Plaintiff reasserts the evidence in opposition to UMFs 1-53 and Disputed Facts and Evidence 1 and 2.<br><br>Plaintiff does not agree that all of her other claims have failed and she has raised disputed questions of fact as set forth above.<br><br>Plaintiff has pled an independent cause of action for Intentional Infliction of Emotional Distress that is separate and distinct from her Fourth through Ninth Causes of Action.<br><br>Plaintiff's First Amended Complaint (FAC), Ex. A to Declaration of Stephen J. Purtill (hereinafter "Dec SJP") states, *inter alia*, at<br><br>¶ 5 identifies defendant SGMF as a California corporation;<br><br>¶ 10 identifies that agent(s) and employee(s) of SGMF were acting in the "course and scope of that relationship" resulting in vicarious liability;<br><br>¶ 11 alleges SGMF agent Edge "used employees |

who were loyal to her to create disturbances, including intentionally missetting diagnostic settings during tests of Dr. Rhodes's patients in order for her to lose her temper"

¶ 59 alleges Kathy Davis, R.N. "In an effort to make it appear Dr. Rhodes caused pain during a biopsy" "deliberately changed the patient's rating related to pain."

¶ 144 alleges that "SGMF employee Kathy Davis purposefully harmed plaintiff's patients in order to create post biopsy complications for plaintiff which she had not had previously" and "Ms. Davis altered the pain score to make it seem like plaintiff was causing pain to the patient."

¶ 150 alleges Eleventh Cause of Action re Intentional Infliction of Emotional Distress and specifically alleges that "The allegations of paragraphs 1 through 149 are re-alleged and incorporated herein by reference."

¶ 151 alleges "…Defendants' actions constitute outrageous conduct against plaintiff."

¶ 155 alleges SGMF employee Edge "used employees who were loyal to her to create disturbances … in order to force plaintiff to lose her temper."

¶ 156 "SGMF employee Kathy Davis, RN also falsely told a patient that plaintiff did not care about what she was doing during a biopsy which was why the patient developed a hematoma. …"

¶ 157 "Defendants committed, or acted in concert to commit, acts which were intended to cause plaintiff to suffer emotional distress. In the alternative, defendants engaged in conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress."

¶ 158 "Plaintiff suffered severe emotional distress as a result of defendants' outrageous conduct."

| | ¶ 159 Plaintiff "has sustained and continues to sustain losses in earnings…" |
| | |
| | ¶ 160 Plaintiff "has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish…" |
| | |
| | ¶ 161 Punitive damages allegation. |

Plaintiff contends that the following material facts are disputed as regards Plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress:

| DISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 3. Plaintiff contends that SGMF employee Kathy Davis intentionally and outrageously, purposefully injured plaintiff's 85 year old patient, Sara Grantski, by failing to hold pressure at her breast biopsy site for the minimum necessary time causing Mrs. Grantski to develop a painful hematoma in order to create a post biopsy complication for plaintiff which she had not had previously and altered Ms. Grantski's pain score to make it seem like plaintiff was causing pain to the patient rather than Ms. Davis. | Dec SJP at:<br><br>Exhibit A (Rhodes depo at 133:7 – 138:18; 140:23 – 145:14; 149:1 – 150:19; 156:14-20; 156:14-20; 158:7 – 159:9); and<br><br>Exhibit FF; and<br><br>Declaration of Carol Frazier in Support of the Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1 to 9 and Exhibit A thereto; and<br><br>Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1-4 |
| 4. SGMF employee Kathy Davis changed the language in her "harassment complaint" form in an attempt to cover-up her outrageous behavior perpetrated on Sara Grantski and directed at plaintiff by | Dec SJP at:<br><br>Exhibit D (Davis depo at 39:22–25; 74:21–75:4;217:7-219:1; 230:2-234:6; 276:6-277:6; 314:8-316:2; 317:1-318:1; 318:24-319:12; 321:20-332:23; |

| | |
|---|---|
| changing her original statement from holding pressure at Ms. Grantski's biopsy site from Dr. Rhodes standing order time of 15 minutes to an alleged 5 minutes (which also was untrue per Declaration of Carol Frazier filed in support hereof) and denies changing Sara Grantski's pain score. | 335:2-337:16; 339:5-340:12; 363:21-365:2; 365:18-367:3); and<br><br>SEALED 053-055 (Exhibit 78 Davis depo); and<br><br>SEALED 056-059 (Exhibit 78A Davis depo); and<br><br>SEALED 051-052 (Exhibit 77 Davis depo); and<br><br>Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1-4 |
| 5. SGMF Director of Imaging Roberta Edge alleges she does not know how hematomas form or the responsibility of a nurse with regard to reducing hematomas following breast biopsy or how long a nurse is supposed to hold compression on the needle site so a hematoma does not form and did nothing to inform herself about the responsibilities of a nurse following breast biopsy to apply pressure so hematomas do not form even after receiving Dr. Rhodes email of December 3, 2010 and failed to discuss the issue of her nurses causing hematomas to make Dr. Rhodes look bad with any of the employees at SGMF demonstrating ratification of Ms. Davis's conduct for the purposes of punitive damages. | Dec SJP at:<br><br>Exhibit C (Edge depo at 21:13-22:22; 323:1-329:25); and<br><br>SEALED 031-034 (Exhibit 60 Edge depo); and |
| 6. Paul Stadelman, M.D., Chairman of the Department of Radiology, does not have a problem with Dr. Rhodes having a standing order to hold pressure for 15 minutes following ultrasound breast needle biopsy. | Dec SJP at:<br><br>Exhibit H (Dr. Stadelman depo at 326:8-327:13); |
| 7. SGMF employee Kathy Davis intended to cause plaintiff emotional distress and/or acted with reckless disregard of the probability that plaintiff would suffer emotional distress, regarding the Sara Grantski incident, and plaintiff did suffer severe emotional distress caused by the Sara Grantski incident.<br><br>Also, see paragraph 10 below re eavesdropping on Dr. Rhodes and her patient, (SEE SEALED 029 FIRST | Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1-4.<br><br>Dec SJP at:<br><br>Exhibit D (Davis depo at 39:22–25; 74:21–75:4;217:7-219:1; 230:2-234:6; 276:6-277:6; 314:8-316:2; 317:1-318:1; 318:24-319:12; 321:20-332:23; 335:2-337:16; 339:5-340:12; 363:21-365:2; 365:18-367:3); and |

| | |
|---|---|
| SENTENCE FOR IDENTITY OF PATIENT) on November 9, 2010 and incorporated herein in full. | SEALED 053-055 (Exhibit 78 Davis depo); and SEALED 056-059 (Exhibit 78A Davis depo); and SEALED 051-052 (Exhibit 77 Davis depo); and Exhibit A (Rhodes depo at 133:7 – 138:18; 140:23 – 145:14; 149:1 – 150:19; 156:14-20; 156:14-20; 158:7 – 159:9); and Exhibit FF; and Declaration of Carol Frazier in Support of the Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1 to 9 and Exhibit A thereto; and Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1-4, 10 (p.5:28-6:17) |
| 8. SGMF employee Carolyn Plante, defendant's lead sonographer, deliberately and intentionally took a Crown Rump Length measurement of a fetus in a pregnant SGMF employee patient as a width measurement instead of a length measurement and when this obvious error was pointed out to her by Dr. Rhodes she taunted Dr. Rhodes and said: "*That's the way we do it here. Why don't you ask a radiologist?*" Thereafter, Dr. Rhodes refused to allow Ms. Plant do the correct measurement and members of management escalated the issue into a series of memos trying to override Dr. Rhodes medical decision attempting to make Dr. Rhodes appear unreasonable even though the records show that Dr. Roy Snable confirmed to Ms. Plante that Dr. Rhodes was right. | Dec of SJP at: Exhibit A (Rhodes depo at 138:19-140:22; 174:15-177:23); and Exhibit E (Plante depo at 11:15-12:7; 13:12-17; 21:2-22:10; 210:10-211:7; 211:12-223:13; 282:1-3); and SEALED 014-021 (Exhibit 40 Edge depo); and Exhibit W; and Exhibit C (Edge depo at 236:10-245:18); and SEALED 014-021 (Exhibit 40 Edge depo); and Exhibit H (Dr. Stadelman depo at 256:7-257:10; 256:7-257:10; 260:13- 261:2); Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical |

| | |
|---|---|
| | Foundation at ¶¶ 1, 5-8. |
| 9. SGMF employee Carolyn Plante intended to cause plaintiff emotional distress and/or acted with reckless disregard of the probability that plaintiff would suffer emotional distress, regarding the Crown Rump Length incident, and plaintiff did suffer severe emotional distress caused by the Crown Rump Length incident. | Dec of SJP at: Exhibit A (Rhodes depo at 138:19-140:22; 174:15-177:23); and Exhibit E (Plante depo at 11:15-12:7; 13:12-17; 21:2-22:10; 210:10-211:7; 211:12-223:13; 282:1-3); and SEALED 014-021 (Exhibit 40 Edge depo); and Exhibit W; and Exhibit C (Edge depo at 236:10-245:18); and SEALED 014-021 (Exhibit 40 Edge depo); and Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1, 5-8, 10 (p.5:28-6:17). |
| 10. SGMF employee Autumn Jackson, R.N., **eavesdropped** on a physician-patient visit between plaintiff and her patient (SEE SEALED 029 FIRST SENTENCE FOR IDENTITY OF PATIENT) on November 9, 2010, as and for another example of outrageous conduct and a violation of the patients HIPPA rights directed at plaintiff by SGMF employees that SGMF employees did not report to the Department Chief or Medical Director, | Dec SJP at: Exhibit C (Edge depo at 295:21-299:1 ); and SEALED 027-030 (Exhibit 60 Edge depo); and Exhibit H (Dr. Stadelman depo at 282:10-284:16); and Exhibit I (Dr. Mitnick depo at 46:13-47:14); |
| 11. Plaintiff suffered severe emotional distress as a result of defendant's employees actions and was caused to be | Dec of SJP at: Exhibit A (Rhodes depo at 26:15-18; 80:18-23; |

| | |
|---|---|
| placed on medical disability by her treating physician from December 16, 2010 until May 28, 2011 and was diagnosed with Acute Stress Reaction; Panic Disorder; Depression; Anxiety State and Counseling and prescribed and took various antidepressant medications for months because the medical condition was so serious | 275:7-276:2; 276:14-287:24; 290:13-292:1; 383:13-385:6; 396:11-397:25; 432:1-435:2; 438:3-18; and<br><br>Exhibit GG; and<br><br>SEALED 067-071 (Exhibit 174 Dr. Mitnick depo); and<br><br>Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1-10 (p.5:28-6:17). |
| 12. The SGMF employees conduct set forth above, and to be adduced at trial, was a substantial factor in causing Dr. Rhodes severe emotional distress. | Dec of SJP at:<br><br>Exhibit A (Rhodes depo at 26:15-18; 80:18-23; 275:7-276:2; 276:14-287:24; 290:13-292:1; 383:13-385:6; 396:11-397:25; 432:1-435:2; 438:3-18; and<br><br>Exhibit GG; and<br><br>SEALED 067-071 (Exhibit 174 Dr. Mitnick depo); and<br><br>Declaration of Plaintiff Beth A. Rhodes, M.D. in Support of Opposition to Motion for Summary Judgment by Defendant Sutter Gould Medical Foundation at ¶¶ 1-10 (p.5:28-6:17). |

**Issue 10**: Plaintiff's eleventh cause of action for intentional infliction of emotional distress fails as a matter of law because the conduct Plaintiff complains of was not outrageous.

| **MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS** | **RESPONSE IN OPPOSITION** |
|---|---|
| SGMF reasserts UMFs 48-49.<br><br>SGMF reasserts the evidence in support of UMFs 48-49. | **Disputed.** Plaintiff reasserts the evidence in opposition to UMFs 1-53 and Disputed Facts and Evidence 1 and 12. |
| 54. SGMF promptly got Plaintiff her mammography numbers, and Plaintiff was | **Disputed.** Exh. C to McClain Decl do not contain pages 169 to 171. |

| | |
|---|---|
| satisfied.<br><br>McClain Decl. at Exh. C (Pl. Depo. 169:11-172:6) | |

## PUNITIVE DAMAGES

**Issue 11**: Plaintiff is not entitled to punitive damages because no officer, director or managing agent of SGMF acted oppressively, maliciously or fraudulently toward Plaintiff, nor ratified such conduct.

| MOVING PARTY'S ALLEGED UNCONTROVERTED FACTS | RESPONSE IN OPPOSITION |
|---|---|
| 55.    Kathy Davis did not have the authority to make corporate policies.<br><br>Declaration of Roberta Edge in support of Motion for Summary Judgment ["Edge Decl."] at ¶ 5 | Undisputed. |
| 56.    Roberta Edge did not have the authority to make corporate policies.<br><br>Edge Decl. at ¶¶ 3-4 | **Disputed.**<br><br>**Disputed.**    Plaintiff reasserts the evidence in opposition to UMFs 1-54 and Disputed Facts and Evidence 1 and 12.<br><br>Dec SJP at:<br><br>Edge was the Director of Imaging reporting directly to the Chief Operations Officer Katherine Manual at all relevant times herein and was at the head of the chain of command in the Imaging Department.<br><br>Exhibit C (Edge depo at 21:13-22:22;   68:6-19); and<br><br>SEALED 001-003 (Exhibit 3 Edge depo); and<br><br>Edge was part of the "leadership team" see |

| | |
|---|---|
| | Exhibit I (Dr. Mitnick depo at 49:4-10); and |
| | See Declarations of Roberta Edge and Katherine Davis filed in support of the SGMF Motion for Summary Judgment which shows that they are still working for SGMF at least two months after their depositions (Exhibit C and Exhibit D to Dec SJP) which clearly puts SGMF management on notice and in conjunction with the outrageous conduct identified in Disputed Facts 1 through 10 above demonstrates unequivocal **ratification** of their actions as set forth above. |

DATED: January 14, 2013        LAW OFFICES OF STEPHEN M. MURPHY

By___/s/   Stephen J. Purtill_____
STEPHEN J. PURTILL
Attorneys for Plaintiff