LAW OFFICES OF STEPHEN M. MURPHY
STEPHEN J. PURTILL (No. 100102)
353 Sacramento Street, Suite 1140
San Francisco, CA 94111
Tel:     (415) 986-1338
Fax:    (415) 986-1231

Attorneys for Plaintiff
BETH A. RHODES, M.D.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| BETH A. RHODES, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTH, a California Corporation, SUTTER GOULD MEDICAL FOUNDATION, a California Corporation, THE GOULD MEDICAL GROUP, INC., a California Corporation,<br><br>Defendants. | Case No.  2:12-cv-00013-WBS-DAD<br><br>**STIPULATION AND ORDER RE PLAINTIFF BETH A. RHODES, M.D.'S MOTION TO COMPEL PRODUCTION  OF ORIGINAL DOCUMENTS AND ENTRY ONTO PROPERTY TO INSPECT AND PHOTOGRAPH WORK SITE** |

**STIPULATION AND [PROPOSED] ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ORIGINAL DOCS AND ENTRY ONTO PROPERTY TO INSPECT AND PHOTOGRAPH WORK SITE**
1

Plaintiff BETH RHODES ("Plaintiff") and Defendants SUTTER GOULD MEDICAL FOUNDATION ("SGMF") and THE GOULD MEDICAL GROUP, INC. ("GMG") (collectively, "Defendants"), by and through their counsel of record herein, hereby stipulate and agree as follows:

WHEREAS, on April 1, 2013, Plaintiff served on Defendants her Sixth Demand for Production of Original Documents and Entry Onto Property to Inspect and Photograph the Work Site of the Sutter Gould Medical Foundation and The Gould Medical Group, Inc. ("Sixth Demand for Production");

WHEREAS, on April 23, 2013, SGMF served its objections to Plaintiff's Sixth Demand for Production;

WHEREAS, on May 6, 2013, GMG served its objections to Plaintiff's Sixth Demand for Production;

WHEREAS, on April 26, 2013, Plaintiff filed a Motion to Compel Production of Original Documents and Entry Onto Property to Inspect and Photograph the Work Site of SGMF and GMG, which was originally set to be heard on May 17, 2013, and has been continued to May 24, 2013, in Courtroom 27 of the above-entitled Court, before Judge Dale A. Drozd;

WHEREAS, the Parties have met and conferred, and come to an agreement regarding the scope of Plaintiff's Sixth Demand for Production;

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE as follows:

1. GMG will produce for inspection and photographing all of the original documents in the "Stadelman file" concerning Plaintiff (with Private Health Information ("PHI") temporarily redacted) on Thursday, May 16, 2013 at 3:30 p.m. at GMG's counsel's office in San Francisco, CA. Plaintiff will provide digital copies of the photographs of the "Stadelman file" to GMG and SGMF by May 23, 2013;

2. GMG will produce for inspection and copying all of the original

**STIPULATION AND [PROPOSED] ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ORIGINAL DOCS AND ENTRY ONTO PROPERTY TO INSPECT AND PHOTOGRAPH WORK SITE**
**2**

documents in the Plaintiff's Human Resources file (with any Private Health Information ("PHI") temporarily redacted) on Thursday, May 23, 2013 at 3 p.m. at GMG's counsel's office in San Francisco, CA.  Plaintiff will provide digital copies of the photographs of Plaintiff's Human Resources file to GMG and SGMF by May 30, 2013;

   3. SGMF will permit an inspection and photographing of its premises, located at 600 Coffee Road, Modesto, CA, on Sunday, May 19, 2013, commencing at 8:00 a.m., pursuant to the following agreed upon conditions:

    a. Only Plaintiff's counsel, Stephen Purtill and his photographer (hereinafter, collectively referred to as "Plaintiff's counsel") will be present at the site inspection.

    b. Plaintiff's counsel may only photograph the areas the Parties agree upon in advance, as set forth in Paragraph 4 below.

    c. The site inspection will last no more than one (1) hour.

    d. No questioning of any employees (or anyone else that may be present on the premises).

    e. No opening of drawers or touching of any machines or equipment.

    f. No photography of patients, employees, patient-identifying information protected by HIPAA, or any other private or confidential information.

    g. No interfering with SGMF's operations.

    h. After Plaintiff's counsel finishes taking the photos, Plaintiff's counsel and SGMF's counsel will go into a conference room, where Plaintiff's counsel will immediately transfer all of the photos onto SGMF's counsel's laptop.  SGMF's counsel will then review the photos to ensure that no patients, employees (or other individuals) or patient-identifying information are in the photos.  Any photos that have individuals or patient-identifying information in them will be deleted immediately.  If there is any disagreement about a photo, Plaintiff's counsel agrees that it will not be used for

**STIPULATION AND [PROPOSED] ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ORIGINAL DOCS AND ENTRY ONTO PROPERTY TO INSPECT AND PHOTOGRAPH WORK SITE**
**3**

any purpose until the Parties have met and conferred and/or had the issue resolved by the Court.

      i.    Plaintiff's counsel will promptly serve the Parties with a digital copy of all photos Plaintiff plans to rely on, per the disclosure requirements of the FRCP.

      j.    The photos may not be used for any purpose outside of this litigation, and all photos must be returned or destroyed at the conclusion of the litigation. If Plaintiff's counsel elects to destroy the photos, he must provide a declaration stating that all photos have been destroyed.

4.    SGMF does not agree that the photographs to be taken of its premises will reflect the conditions that were in place during Plaintiff's employment, as some of the equipment and areas have changed since 2010.  Nonetheless, the following is a list of areas that may be photographed during the site inspection:

    a.    All reading rooms, including the breast ultrasound reading room.

    b.    The hallway to urgent care.

    c.    The ultrasound biopsy room and equipment.

    d.    The stereotactic biopsy room and equipment.

    e.    One of the three mammogram machine rooms (of Plaintiff's counsel's choosing).

    f.    The room which contains the radiologists' mailboxes.

    g.    The office or area, including filing cabinets, where the "pink sheets" are maintained and/or were maintained in 2010 and 2011.

    h.    The office Kathy Davis used in 2010.

    i.    The office of the clerks.

    j.    The office Roberta Edge used in 2010.

    k.    The doorways of the reading rooms.

    l.    The hallway outside of the reading rooms.

        m.    The office Cheryl Poretti and Diane Warren used in 2010.

        n.    The workspace Autumn Jackson used in 2010.

        o.    Front of the building.

        p.    Radiology Department waiting room on first floor.

Dated: May 17, 2013        LAW OFFICE OF STEPHEN M. MURPHY

By: /s/ Stephen J. Purtill
    STEPHEN M. MURPHY
    STEPHEN J. PURTILL
    Attorneys for Plaintiff
    BETH A. RHODES, M.D.

Dated: May 17, 2013        LITTLER MENDELSON, P.C.

By: /s/ Maiko Nakarai-Kanivas
    MAUREEN E. MCCLAIN
    MAIKO NAKARAI-KANIVAS
    Attorneys for Defendant
    SUTTER GOULD MEDICAL FOUNDATION

Dated: May 17, 2013        DILLINGHAM & MURPHY, LLP

By: /s/ Carla J. Hartley
    CARLA J. HARTLEY
    BENJAMIN J. SCHNAYERSON
    Attorneys for Defendant
    GOULD MEDICAL GROUP, INC.

**IT IS SO ORDERED.**

Dated: May 21, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil
rhodes0013.stip.re.mtc.doc

**STIPULATION AND [PROPOSED] ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ORIGINAL DOCS AND ENTRY ONTO PROPERTY TO INSPECT AND PHOTOGRAPH WORK SITE**
5