UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BETH A. RHODES, M.D., | CIV. NO. 2:12-13 WBS DAD |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO QUASH SUBPOENAS; MOTION FOR SANCTIONS |
| v. | |
| SUTTER GOULD MEDICAL FOUNDATION, a California Corporation, and GOULD MEDICAL GROUP, INC., a California Corporation, | |
| Defendants. | |

----oo0oo----

During the month immediately preceding trial, plaintiff served trial subpoenas on Sutter Health, Palo Alto Medical Foundation--Mountain View ("PAMF"), and Maiko Nakarai-Kanivas, who is counsel to defendant Sutter Gould Medical Foundation ("SGMF"). SGMF now moves to quash those subpoenas pursuant to Federal Rule of Civil Procedure 45(d).[1]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.

1

1           Although the Ninth Circuit has not explicitly addressed
2  the question of whether a party can move to quash a subpoena
3  served upon a nonparty, the "general rule . . . is that a party
4  has no standing to quash a subpoena served upon a third party,
5  except as to claims of privilege relating to the documents being
6  sought."  Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal,
7  Inc., --- F.R.D. ---, ---, Civ. No. 2:10-1207 GEB AC, 2014 WL
8  641139, at *5 (E.D. Cal. Feb. 18, 2014); see also Crispin v.
9  Christian Audigier, Inc., 717 F. Supp. 2d 965, 973-74 (C.D. Cal.
10 2010) (citing cases); 9A Charles Alan Wright & Arthur R. Miller,
11 Federal Practice & Procedure § 2459 (3d ed. 2008) ("Ordinarily a
12 party has no standing to seek to quash a subpoena issued to
13 someone who is not a party to the action, unless the objecting
14 party claims some personal right or privilege with respect to the
15 documents sought.").

16          While SGMF objects that the subpoenas served upon
17 Sutter Health and PAMF are untimely and unduly burdensome, it
18 does not argue that those subpoenas would compel the disclosure
19 of any privileged information.  (See Decl. of Maiko Nakarai-
20 Kanivas Exs. I, K (Docket No. 298-1).)  Accordingly, because SGMF
21 lacks standing to oppose the subpoenas served upon Sutter Health
22 and PAMF, the court will deny its motion to quash as to those
23 subpoenas.

24          Plaintiff has also served a trial subpoena upon Maiko
25 Nakarai-Kanivas, who is counsel to SGMF.[2]  While "discovery from

---

E.D. Cal. L.R. 230(g).

[2] In her Opposition, plaintiff indicates that she does not plan to call Nakarai-Kanivas if Sutter Health and PAMF testify that no documents other than PAMF's surgical consult

2

opposing litigation counsel has been recognized as permissible under limited circumstances," the party seeking discovery from opposing counsel bears the burden "to demonstrate its propriety and need."  Doubleday v. Ruh, 149 F.R.D. 601, 613 (E.D. Cal. 1993) (Hollows, M.J.); Restatement (3d) of Law Governing Lawyers § 108(4) (noting that a party may not "call opposing counsel as a witness unless there is a compelling need for the lawyer's testimony").

District courts in the Ninth Circuit frequently assess whether discovery of opposing counsel is appropriate by applying the test set forth by the Eighth Circuit in Shelton v. American Motors Corporation.  805 F.2d 1323, 1327 (8th Cir. 1986).  Under that test, discovery of opposing counsel is appropriate only when (1) "[n]o other means exist to obtain the information," (2) "the information sought is relevant and nonprivileged," and (3) "the information is crucial to the preparation of the case."  805 F.2d 1323, 1327 (8th Cir. 1986); see also Doubleday, 149 F.R.D. at 613 (applying Shelton factors); Mass. Mut. Life Ins. Co. v. Cerf, 177 F.R.D. 472, 479 (N.D. Cal. 1998) (describing Shelton as the "leading case" and applying Shelton factors).

Here, plaintiff seeks testimony from Nakarai-Kanivas about her efforts to comply with a discovery order requiring Sutter Health to produce any documents from its affiliated clinics which are "the same or similar to" the surgical consult policy employed by SGMF.  Given that plaintiff could have propounded an or request for admission to obtain information

---

policy were responsive to the discovery order that the parties stipulated to in April 2013.

3

about her efforts to comply with the discovery order, she has not shown that "no other means exist to obtain this information." Shelton, 805 F.2d at 1327.  In addition, Ms. Nakarai-Kanivas's communications with Sutter Health and SGMF relating to her efforts to obtain documents responsive to the discovery order are privileged, and are therefore an inappropriate subject for discovery.  See id.; see also Fed. R. Civ. P. 45(d)(3)(iii) (requiring a court to quash a subpoena if it would require the disclosure of privileged information).  Accordingly, the court will grant SGMF's motion to quash the subpoena served upon Nakarai-Kanivas.[3]

     IT IS THEREFORE ORDERED that SGMF's motion to quash be, and the same hereby is, GRANTED with respect to the subpoena served upon Maiko Nakarai-Kanivas and DENIED in all other respects.

     IT IS FURTHER ORDERED that SGMF's motion for sanctions be, and the same hereby is, DENIED.

Dated:  May 16, 2014

_WILLIAM B. SHUBB_
UNITED STATES DISTRICT JUDGE

---

[3] Because the court denies the motion to quash as to two of the three subpoenas and cannot conclude that plaintiff's subpoenas were oppressive, facially defective, or issued in bad faith, it declines to award the monetary sanctions requested by SGMF.  See Mount Hope Church v. Bash Back!, 705 F.3d 418, 429 (9th Cir. 2012) ("Sanctions for issuing a subpoena are in no way supported merely because a party advocated a position in seeking discovery that it lost in the end."); Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013) (noting that sanctions under Rule 45(d)(1) are discretionary and affirming court's decision not to award sanctions absent evidence that the subpoenas were overbroad or issued with bad faith or improper motive).